UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                          **MEMORANDUM**
                                                     **AND ORDER**
    -against-

                                                     **03-CR-531(TCP)**
ARTHUR BROWN,

                Defendant.
----------------------------------------------------X
PLATT, District Judge.

      Before the Court is Arthur Brown's ("defendant") application seeking an Order pursuant to 18 U.S.C. § 3621(b) granting defendant retroactive concurrent designation of his federal sentence for the time he served in the New York State Department of Corrections. Defendant's motion is hereby **DENIED** because the authority to grant a retroactive concurrent designation is within the province of the Bureau of Prisons.

*Relevant Background*

      On February 25, 2005, defendant was sentenced by the undersigned to a seventy-five month term of incarceration and a five year mandatory consecutive sentence for using a firearm during the commission of a robbery for a total sentence of 135 months. On October 25, 2007, defendant was sentenced in New York State Supreme Court, Nassau County, to a term of ten years for burglary. Defendant remained in state custody until April 15, 2011, at which time he was paroled to the custody of the United States Marshals Service to commence serving his federal sentence.

      By letter dated August 16, 2011 and addressed to the Clerk of the Court, defendant stated that there was "confusion at the Federal Institution and Pre-Sentence Report" with respect to the federal prison term because his federal and state sentences were supposed to run concurrently. DE

7.

By letter dated September 20, 2011 and addressed to the Court, Jose A. Santana of the Designation and Sentence Computation Center for the Bureau of Prisons ("BOP"), communicated with the undersigned regarding defendant's request for credit toward his federal sentence for time spent in state custody. DE 8. Mr. Santana noted that pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), the BOP treats such cases as a request for a retroactive concurrent designation. *Id*. These designations are made only after the BOP reviews all the relevant factors in 18 U.S.C. § 3621(b).[1] *Id*. The letter further stated that the "Bureau strives to administer sentences in accordance with federal statute, Bureau policy and the intent of the Court." *Id*. Thus, it is "the preference of the Bureau that the federal Court is given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination

---

1. Title 18 U.S.C. § 3621(b) provides:

> **(b) Place of imprisonment.**--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
>
> **(1)** the resources of the facility contemplated;
>
> **(2)** the nature and circumstances of the offense;
>
> **(3)** the history and characteristics of the prisoner;
>
> **(4)** any statement by the court that imposed the sentence--
>
>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

to grant or deny the request." *Id.*

By Order dated September 29, 2011 and in response to the BOP's correspondence, the undersigned held that defendant's request for a retroactive concurrent designation of his federal sentence should be denied. DE 9.

Subsequently, on July 10, 2012, defendant filed a second request for this Court to intercede and rectify the purported confusion over his concurrent sentence designation. DE 10. On September 5, 2012, the Assistant United States Attorney assigned to this matter filed a letter with the Court "to inform it of certain information, which may cause it to reconsider its September 29, 2011 Memorandum and Order denying prisoner Arthur Brown's . . . request to have certain time he spent in state prison credited towards the 135-month [federal] sentence."[2] After reviewing defendant's and the government's letters and a complete examination of defendant's file, this Court again held by Order dated September 10, 2012 that its position with respect to defendant's request for a retroactive concurrent sentence designation was that it should be denied by the BOP. DE 11.

Defendant, through his attorney, now moves for the third time for an Order granting him retroactive concurrent designation of his federal sentence with the ten year sentence served by defendant in the New York Department of Corrections. He requests that the Court grant him the designation pursuant to 18 U.S.C. § 3621(b).

### *Discussion*

In support of his motion for an Order retroactively designating his federal sentence as having run concurrently with his state sentence, defendant argues that the undersigned twice denied

---

2. The government's letter could not be located on the Court's electronic case filing system. The original, which was hand delivered to Chambers and considered prior to the Court's September 10, 2012 Order, has been forwarded to the Clerk's office for filing under seal.

defendant's previous two applications seemingly without the benefit of the government's letter containing, *inter alia*, its investigator's position that with regard to defendant's conduct in the federal case, it was never intended that defendant serve close to twenty years.

In *Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir. 1990), the Third Circuit Court of Appeals held that the BOP "mistakenly failed to recognize its power to have a state facility designated *nunc pro tunc* as a place of federal confinement where [a prisoner] could gain credit against his federal sentence for the time he served there." In *McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir. 1998), the Second Circuit Court of Appeals agreed with the Third Circuit and held "that § 3621(b), which grants broad discretion to the Bureau in designating a place of imprisonment, gives the Bureau authority to make the *nunc pro tunc* designation sought by petitioner." *See Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) ("The decision whether to designate a facility as a place of federal detention 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.' ") (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)). In determining whether or not to grant a prisoner's request for a *nunc pro tunc* designation, the BOP must either obtain the sentencing court's opinion regarding the request or consider the factors listed in Section 8(a) of its Program Statement 5160.05. *Mitchell v. Lara*, No. 11 Civ. 1540, 2012 WL 1080290, at *4 (S.D.N.Y. Apr. 2, 2012).

In light of the foregoing, it is within the BOP's discretion to determine whether to grant a request for a *nunc pro tunc* designation and not the Court's. Once the BOP's Designation and Sentence Computation Center communicated with the Court regarding defendant's request for a *nunc pro tunc* designation, the Court reviewed defendant's presentence report and sentencing

transcript. The undersigned determined that in light of defendant's federal crimes and criminal history category, his request should be denied as stated in the September 29, 2011 Order. The Court reached the same conclusion after receiving defendant's second request for it to intercede and rectify the situation concerning the concurrent designation, at which time it also considered the government's letter.

Defendant now moves for an Order pursuant to 18 U.S.C. § 3621(b) granting defendant a retroactive concurrent designation. By the statute's own language, however, set forth in footnote one, *supra*, the "Bureau of Prisons shall designate the place of the prisoner's imprisonment." Case law also makes clear that designations, including retroactive concurrent designations, are within the realm of the BOP. When making such a determination, the BOP seeks to discern the intent of the sentencing judge, as it did in this case. This Court's opinion was that the designation should be denied. Whether or not defendant's request is or is not ultimately granted is up to the BOP and not the undersigned. Accordingly, defendant's motion for an order granting the retroactive, concurrent designation is denied because the BOP, and not the Court, has the authority to make such a designation.

*Conclusion*

For the foregoing reasons, defendant's motion for an Order pursuant to 18 U.S.C. § 3621(b) is hereby **DENIED**.

**SO ORDERED**.

Dated: July 22, 2013
      Central Islip, New York

                                                      /s/
                                        Thomas C. Platt, U.S.D.J.