UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

ARTHUR BROWN,

Defendant.

**ORDER**
03-CR-531 (JMA)

---------------------------------------------------------------------X

ARTHUR BROWN,

Petitioner,

-against-

UNITED STATES OF AMERICA,

Respondent.

16-CV-3518 (JMA)

---------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Pending before the Court is the June 24, 2016 motion of Arthur Brown pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 21.) Brown argues that his sentence should be vacated pursuant to Johnson v. United States, 576 U.S. 591 (2015), because the Court sentenced him as a career offender, a status for which he does not qualify. (Id.) He moved the Court for early termination of his supervised release. (Id. at 1.)

On September 26, 2003, Brown pleaded guilty to conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) and using and carrying a firearm in relation to crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Id.) He was sentenced on February 25, 2005 by the late Honorable Thomas C. Platt, Jr. to 75 months on the first count and a mandatory five years on

the other count, to run consecutively and with credit for time served. (ECF Nos. 4, 5.) In addition, Judge Platt sentenced him to three years of supervised release on both counts. (Id.)

Based on the judgment Judge Platt entered and subsequent docket entries, it appears that Brown's supervised release concluded in September 2018. Accordingly, the Court issued an Order to Show Cause on January 5, 2021. The Court explained that because "Defendant's term of supervised release ended in September 2018 . . . Defendant's 2255 motion, ECF No. 21, appears to be moot." The Court directed Brown "to show cause, in writing, by February 5, 202[1] why the Court should not deny this motion as moot." He was warned that "[f]ailure to respond to this Order may result in the denial of Defendant's 2255 motion." To date, Brown has not responded to the Court's Order, and the deadline has now passed.

For purposes of Section 2255, "where the only relief sought by a petitioner is release from incarceration and the petitioner has been released, with the result that the Court can no longer provide the relief sought in the petition, the petition must be dismissed as moot." Califano v. United States, No. 00-CV-0543, 2005 WL 1379018, at *1 (E.D.N.Y. June 7, 2005). Further, "mootness is not fixed at the time of filing but must be considered at every stage of habeas proceeding." United States v. Hey, No. 14-CR-28-3, 2016 WL 8849759, at *4 (D. Vt. Dec. 12, 2016), adopted by, 2017 WL 1735131 (D. Vt. May 2, 2017) (quoting Nowakowski v. New York, 835 F.3d 210, 217 (2d Cir. 2016)). Here, because Brown is no longer incarcerated or subject to supervised release, the Court cannot afford him the relief he seeks, resentencing and early termination of his supervised release. Accordingly, his claim is moot. See Mayne v. United States, No. 11-CV-269, 2018 WL 3404136, at *2 (E.D.N.Y. July 12, 2018).

For the reasons set forth above, Brown's Section 2255 motion is **DENIED** as moot. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: March 31, 2021
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE